## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL EDWARD KENNEDY,
        Appellant,

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
PH-3330-15-0151-I-1

DATE: February 23, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Edward Kennedy, Princess Anne, Maryland, pro se.

Myles S. Hall, Esquire, White Sands Missile Range, New Mexico, for the
    agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such
as this one only when: the initial decision contains erroneous findings of material
fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal challenging the agency's decision to revoke an offer of employment he had received for the position of water/wastewater systems mechanic in 2012 and his nonselection for the position of water treatment plant operator in 2014. Initial Appeal File (IAF), Tab 1. On appeal, the appellant alleged that the agency's actions constituted: (1) a negative suitability action; (2) harmful procedural error; (3) prohibited discrimination and retaliation for prior equal employment opportunity (EEO) activity; and (4) a violation of his veterans' preference rights under the Veterans Employment Opportunities Act of 1998 (VEOA). The appellant asserted that he was made a tentative offer of employment on July 11, 2012, which was contingent upon the successful completion of a background check, a physical examination, and a drug test. *Id.* The appellant asserted further that he received a letter dated September 17, 2012, which extended a formal offer of employment for the water/wastewater systems mechanic position and it instructed him to report to the White Sands Missile Range (WSMR) for in-processing on November 5, 2012. *Id.* at 21. The appellant alleged that the agency advised him on October 11, 2012, that he had been "debarred from employment by the WSMR garrison commander," based on his record of having a felony conviction more than 33 years prior to his applying for

the position. The appellant asserted that the garrison commander debarred him pursuant to 18 U.S.C. § 1382. *Id*. at 8 n.1. In a letter dated December 27, 2012, the agency formally withdrew the offer of employment and advised the appellant "[t]hat the reason for this action is because you failed to provide the signed 'Release of Information' form that you agreed to provide to [sic] on October 25, 2012." IAF, Tab 4 at 54. On August 10, 2014, the appellant applied for the position of water treatment plant operator at WSMR. IAF, Tab 1 at 24. He promptly received an email notifying him that the agency had determined that he was not eligible for the water treatment plant operator position because he did not meet the minimum education and experience requirements. *Id*. at 31-32. This appeal followed.

¶3    Because there appeared to be a question as to whether the Board has jurisdiction over this appeal, the administrative judge issued an acknowledgement order and an order to show cause, which notified the appellant of the legal standards that he must show to establish that the Board has jurisdiction over his VEOA claim and his negative suitability claim. IAF, Tabs 2, 5. The acknowledgement order also advised the appellant on how to establish that his appeal was timely filed or that good cause existed to justify any delay in filing with the Board. IAF, Tab 2. While both the appellant and the agency responded to the order to show cause, the appellant did not respond to the December 30, 2014 acknowledgement order. IAF, Tabs 6-7.

¶4    Without holding a hearing, the administrative judge found that the appellant failed to establish jurisdiction over this appeal as a negative suitability action claim.[2] IAF, Tab 6-8. The administrative judge also found that the appellant did

---

[2] On February 5, 2013, the appellant filed suit against the agency in the U.S. District Court for the District of Maryland, alleging that the decision to withdraw the offer of employment constituted discrimination and retaliation against him in violation of title VII of the Civil Rights Act of 1964, the Administrative Procedures Act, and his right to due process under the Fifth and Fourteenth Amendments. IAF, Tab 4 at 49-53. The district court dismissed the appellant's disparate treatment claims, finding that his

not establish jurisdiction over his VEOA claim. Initial Decision (ID) at 8. Additionally, the administrative judge found that the appellant's EEO-related claims and allegations of harmful procedural error do not constitute independent sources of Board jurisdiction. ID at 9.

¶5 On review, the appellant reasserts that the Board has jurisdiction over his claims as an actual or constructive negative suitability action.[3] The appellant contends that, while the regulations of the Office of Personnel Management specify that a nonselection for a specific position is not a suitability action, in this instance, he was selected for the position and received a final confirmation letter prior to the agency removing him from the position for the alleged failure to provide a signed release of information form.[4] Petition for Review File, Tab 1 at 6-8.

¶6 However, the administrative judge thoroughly detailed his findings that the appellant failed to nonfrivolously allege any of the elements needed to establish the Board's jurisdiction over his negative suitability claim. ID at 6-8. Although the appellant disagrees with the administrative judge's jurisdictional determination, the applicable law and the record evidence support the administrative judge's finding that the appellant has failed to make a nonfrivolous allegation that the agency's decision not to select him for the positions were the result of a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, or a debarment. ID at 7-8. Therefore, we discern no reason to disturb

---

status as a convicted felon is not a protected class under that statute. The court dismissed the remaining claims pursuant to the doctrine of sovereign immunity.

[3] The appellant has not challenged the administrative judge's findings regarding his VEOA, EEO, and harmful procedural error claims and we discern no basis for disturbing them.

[4] This appeal involves a timeliness question that has not yet been addressed by the appellant. ID at 4 n.2; IAF, Tab 2. Nevertheless, even if we were to assume for argument's sake that the appellant has established good cause for the substantial delay in his filing, we agree with the administrative judge that the appellant has not established Board jurisdiction over his appeal.

these explained findings.[5] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7      To the extent the appellant argues that the Board has jurisdiction over the 2012 cancellation of his appointment because the appointment was not conditional and the agency's cancellation of his appointment was not a correction of an error, the administrative judge correctly found that the Board does not have jurisdiction over his nonselection to the water/wastewater systems mechanic position.  It is well settled that the Board generally does not have jurisdiction to review an agency's decision not to select a particular applicant for a vacant position.  *Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, ¶ 7 (2002); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992).  To establish Board jurisdiction over the cancellation of a promotion or appointment, the appellant must show that:  (1) the promotion or appointment actually occurred; that is, that it was approved by an authorized appointing official aware that he or she was making the promotion or appointment; (2) the appellant took some action denoting acceptance of the promotion or appointment; and (3) the promotion or appointment was not revoked before the appellant actually performed in the position.  *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶10 (2012); *Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶ 14 (2009).  Here, the agency revoked the appellant's appointment to the water/wastewater

---

[5] Given our finding that this was not a negative suitability action, we need not consider what effect, if any, the recent National Defense Authorization Act of 2016, Pub. L. No. 114-92, section 1086, and its amendment to 5 U.S.C. § 7512, which states that "This subchapter . . . does not apply to— . . . (F) a suitability action taken by the Office [of Personnel Management] under regulations prescribed by the Office, subject to the rules prescribed by the President under this title for the administration of the competitive service," would have on this case.

systems mechanic position prior to him actually reporting to and performing in that position. Therefore, even if an appointment occurred, the Board does not have jurisdiction over the agency's cancellation of that appointment. *See Sapla*, 118 M.S.P.R. 551, ¶ 11. Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[6]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

---

[6] The administrative judge afforded the appellant mixed-case review rights. ID at 13-15. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided the appellant the proper review rights here. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.